### FIDELITY TRUST CO. v. ROBINSON

(Circuit Court of Appeals, Eighth Circuit. January 3, 1912.)

No. 3,692.

BANKRUPTCY (§ 458*)—APPEAL—DISMISSAL—GROUNDS.

An appeal from an order discharging a bankrupt should be dismissed on appellee's motion, where the record does not disclose that the question of law suggested in the assignment of error on which the appeal is based was ruled by the court below.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. § 458.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the District of Minnesota.

In the matter of the estate of Josiah L. Robinson, bankrupt. From an order granting the bankrupt a discharge, the Fidelity Trust Company, a creditor, appeals. Appeal dismissed.

See, also, 188 Fed. 37.

Bowersock, Hall & Hook, for appellant.
W. A. McDowell, for appellee.

Before SANBORN, Circuit Judge, and MORRIS, District Judge.

PER CURIAM. On the hearing upon objections to a discharge of the bankrupt, counsel for a creditor procured an adjournment for two weeks by promising to produce all its testimony by the day to which the hearing was adjourned, except such testimony as it might desire to take in rebuttal of a deposition of the bankrupt that he was permitted to make. He made no such deposition, and at the adjourned hearing the referee denied a written application of the creditor, filed two days before the adjourned hearing, to continue that hearing, on the grounds that there was a suit pending in a state court to set aside a transfer by the bankrupt to his wife of certain shares of capital stock within four months of the filing of the petition in bankruptcy, and that it desired to take the depositions of certain witnesses to sustain its objections, which had been on file for three years; and the adjournment for two weeks did not give it sufficient time to do so. At the adjourned hearing the creditor did not appear in person or by counsel, nor did it offer any testimony in support of its objections, and the referee reported that the bankrupt was entitled to a discharge, and the court discharged him.

Thereupon the creditor appealed to this court, where it assigns for error that the order granting the discharge is in effect a decision that the pendency of a suit by the trustee in bankruptcy in the state court of Illinois is no ground for the refusal of the bankrupt's discharge, even though said suit in said state court involves the recovery of certain shares of stock that are alleged to have been fraudulently transferred by said bankrupt to his wife within four months prior to the filing of the petition in bankruptcy. Counsel for the appellee move to dismiss the appeal, on the ground that the record does not disclose that the question of law suggested in the assignment of error was ruled by the District Court, and that, if it had been so ruled, the question of law presented by the ruling is not substantial or doubtful. The position of counsel for the appellee is well taken, and the motion to dismiss the appeal must be granted.

It is so ordered.